MICHAEL R. MATTHIAS, SBN 57728
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:      mmatthias@bakerlaw.com

*Attorneys for Defendants*
WORLDMARK, THE CLUB;
WYNDHAM RESORT DEVELOPMENT
CORPORATION; and WYNDHAM
VACATION OWNERSHIP, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERINA & BRYAN CLARK, individually and as Private Attorney Generals on behalf of the general public; <br><br> Plaintiffs, <br><br> v. <br><br> WORLDMARK, THE CLUB, a California Corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon Corporation, WYNDHAM VACATION OWNERSHIP, INC., a Delaware Corporation and and Does 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** <br><br> [Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement] |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and

3    1446, WORLDMARK, THE CLUB, WYNDHAM RESORT DEVELOPMENT

4    CORPORATION, and WYNDHAM VACATION OWNERSHIP, INC.

5    (collectively, "Defendants"), remove the action filed by TERINA CLARK and

6    BRYAN CLARK ("Plaintiffs") in the Superior Court of the State of California, in

7    and for the County of Kern, and captioned Case No. BCV-18-101122, to the United

8    States District Court for the Eastern District of California.

9                        **JURISDICTION AND VENUE**

10        1.        This is a civil action over which this Court has original subject matter

11   jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§

12   1441 and 1446, because it is a civil action that satisfies the requirements stated in

13   the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §

14   1332(d).

15        2.        This Court is in the judicial district and division embracing the place

16   where the state court case was brought and is pending.  Thus, this Court is the

17   proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a)

18   and 1446(a).

19              **THE ACTION & TIMELINESS OF REMOVAL**

20                   **PROCEDURAL BACKGROUND**

21        3.        On May 10, 2018, Plaintiffs, purportedly on behalf of themselves and

22   the general public, filed a Complaint against Defendants in the Superior Court of

23   the State of California, in and for the County of Kern, Case No. Case No. BCV-18-

24   101122 (the "State Court Action").  Plaintiffs filed the complaint as a putative class

25   action.

26        4.        On November 6, 2018, Defendants were served with a copy of the

27   Summons and Complaint.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    5.    Pursuant to 28 U.S.C. § 1446(b), this removal is timely because

2  Defendants filed this removal within 30 days of receipt of a copy of the Summons

3  and Complaint in the State Court Action. All Defendants join in this removal.

4    6.    Exhibit "A" constitutes all process, pleadings, and orders served on

5  Defendants in the State Court Action.

6    7.    Defendants' time to file a responsive pleading has not run and

7  Defendants have not yet filed a responsive pleading.

8                          **CAFA JURISDICTION**

9    8.    <u>Basis of Original Jurisdiction</u>.  This Court has original jurisdiction of

10  this action under CAFA.  28 U.S.C. § 1332(d)(2) and (4) provide that a district

11  court shall have original jurisdiction of a class action with one hundred (100) or

12  more putative class members, in which the matter in controversy, in the aggregate,

13  exceeds the sum or value of $5 million.  Section 1332(d)(2) further provides that

14  any member of the putative class must be a citizen of a state different from any

15  defendant.

16    9.    As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendants may

17  remove the State Court Action to federal court under CAFA because: (i) the amount

18  in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive

19  of interest and costs; (ii) this action is pled as a class action and involves more than

20  one hundred (100) putative class plaintiffs; and (iii) members of the putative class

21  are citizens of a state different from Defendants.

22                     **DIVERSITY OF CITIZENSHIP**

23    10.    <u>Plaintiffs' Citizenship</u>.  As alleged in the Complaint, Plaintiffs are

24  residents of Bakersfield, California. [Complaint ¶ 7.]  For diversity purposes, a

25  person is a "citizen" of the state in which he or she is domiciled.  *Kantor v.*

26  *Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima

27  facie evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514,

28  520 (10th Cir. 1994).  Accordingly, Plaintiffs are a citizen of the State of California.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1
2
3
4
5
6
7
8
9
10
11
12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11.     Wyndham Resort Development Corporation's Citizenship. Wyndham Resort Development Corporation ("WRDC") is a citizen of the states of Oregon and Florida. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," which the Court referred to as its "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*. "The public often (though not always) considers it the corporation's main place of business." *Id*. at 1193.

12.     At the time the State Court Action commenced, WRDC was, and as of the date of filing of this Notice still is, a corporation formed in and incorporated under the laws of the State of Oregon.  Pursuant to the *Hertz* nerve center test, WRDC has its principal place of business in Florida. WRDC's headquarters is located at 6277 Sea Harbor Drive, Orlando, Florida 32821. In addition, the majority of WRDC's officers direct, control, and coordinate the corporation's activities from that same location – 6277 Sea Harbor Drive, Orlando, Florida 32821.

13.     Wyndham Vacation Ownership, Inc.'s Citizenship.  Wyndham Vacation Ownership, Inc. ("WVO") is a citizen of the states of Delaware and Florida.  At the time the State Court Action commenced, WVO was, and as of the date of filing of this Notice still is, a corporation formed in and incorporated under the laws of the State of Delaware.  WVO has its headquarters and principal place of business located at 6277 Sea Harbor Drive, Orlando, Florida 32821, and the majority of WVO's officers direct, control, and coordinate the corporation's activities from that same location.

- 4 -

14.     WorldMark, The Club's Citizenship.  WorldMark, The Club ("WorldMark") is a citizen of the states of Washington and California. At the time the State Court Action commenced, WorldMark was, and as of the date of filing of this Notice still is, a corporation formed in and incorporated under the laws of the State of California.  WorldMark has its headquarters and principal place of business located at 9805 Willows Road N.E., Redmond, Washington 98052.

15.     Doe Defendants.  Although Plaintiffs have also named fictitious defendants "DOES 1 - 10," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

16.     Minimal Diversity.  Minimal diversity of citizenship is established, pursuant to CAFA, inasmuch as Plaintiffs (who are members of the putative class) are citizen of the State of California, and defendants WRDC and WVO are citizens of different States. *See* 28 U.S.C. § 1332(d)(2).  All defendants join in and consent to removal.

17.     Size of the Class.  Plaintiffs filed the State Court Action as a class action under California Code of Civil Procedure section 382. [Complaint ¶ 29.] Plaintiffs purport to bring this action on behalf of all individuals "who have 1) been sold a timeshare in California by Defendants through individuals or entities not licensed to sell real estate or arrange financing for real estate purchases in California and 2) have been told by Defendants that they have earned 'equity' on the purchase of timeshare points." [Complaint ¶ 28.] While Plaintiffs "do[] not currently know the number of similar situated individuals," they believe there to be "thousands". [Complaint ¶ 29.b.] The relevant period for various claims made by Plaintiffs is four years prior to the filing of the State Court Action on May 10, 2018.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Based on Plaintiffs' class definition, the potential class size exceeds the

2  jurisdictional requirement of at least 100 members.  During the relevant time

3  period, Defendants have sold timeshare interests to in excess of 600 California

4  consumers who might fall within the description put forth by Plaintiffs. Therefore,

5  per the allegations of the Complaint, the putative class size is at least 600

6  individuals.

## AMOUNT IN CONTROVERSY UNDER CAFA

7

8       18.    Removal is appropriate when it is more likely than not that the amount

9  in controversy exceeds the jurisdictional requirement, which in this case is

10  $5,000,000 in the aggregate.  *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-

11  40 (9th Cir. 2002). The amount in controversy is determined by the complaint

12  operative at the time of removal and encompasses all relief a court may grant if the

13  plaintiff is victorious. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th

14  Cir. 2018).

15       19.    This action involves Plaintiffs' alleged claims against Defendants for:

16  injunctive relief and restitution pursuant to Business & Professions Code § 17200 *et*

17  *seq.*; and violation of the California Vacation Ownership and Time-Share Act.

18  Plaintiffs' prayer for relief seeks an award of general damages, to preliminarily and

19  permanently enjoin Defendants from engaging in alleged wrongful acts,

20  cancellation of the timeshare interests, refunds of the money paid for timeshare

21  interests, disgorgement, restitution, attorneys' fees and costs, and such other relief

22  that the court deems proper.  (See Complaint at p. 12 - prayer for relief.)

23       20.    Without conceding that Plaintiffs or the purported class members are

24  entitled to or could recover damages in any amount, the amount in controversy in

25  this putative class action, in the aggregate, is well in excess of $5,000,000,

26  exclusive of interest and costs.

27       21.    Plaintiffs' claim arises out of the telephonic sale of timeshare interests

28  to Plaintiffs and the putative class members. [Complaint ¶¶ 21-27, 34-35.]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Plaintiffs allege that they purchased timeshare interests over the phone from an

2  individual not licensed to engage in the sale of timeshare interests in California.

3  [Complaint ¶¶ 14-20, 32.] Plaintiffs also claim that in reliance on purported

4  misrepresentations of facts in connection with the sale of timeshare interests, they

5  purchased timeshare interests that they would not have otherwise purchased or

6  would have purchased less. [Complaint ¶ 35.]  Plaintiffs seek an order voiding the

7  sales contracts and requiring Defendants to return the amount of money paid for the

8  timeshare interests. [Complaint ¶¶ 32-33.]  During the time period applicable to

9  Plaintiffs' claims, Defendants have sold timeshare interests to in excess of 600

10  California consumers. The approximate average purchase price for timeshare

11  interests purchased by telesales in California during the relevant time frame is an

12  estimated $10,143.  Although Defendants deny all liability, assuming for purposes

13  of this analysis only that each putative class member will recover the purchase price

14  for timeshare interests, the amount in controversy for this claim would be

15  approximately **$6,085,800** (calculated as: average purchase price of $10,143 for

16  Telesales Contracts X 600 timeshare interest sales to California consumers).

17      22.    Total Amount in Controversy.  Based on the claims described above,

18  the class-wide amount in controversy, conservatively estimated, is at least

19  **$6,085,800**.  "As specified in § 1446(a), a defendant's notice of removal need

20  include only a plausible allegation that the amount in controversy exceeds the

21  jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart*

22  *Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).

23  Accordingly, the class-wide amount in controversy, conservatively estimated, is

24  well in excess of $5,000,000.

25      23.    Other Claims.  In addition to the damages discussed above, Plaintiffs

26  also request injunctive and declaratory relief (among other forms of relief not

27  calculated above) for the putative class members. (Complaint at p. 12 - prayer for

28  relief.)  No allegations in the Complaint allow Defendants to calculate the amount

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1   of these alleged damages and relief. However, Defendants point out the allegations

2   to the Court as further evidence that the amount in controversy exceeds $5,000,000,

3   as already established above.

### ATTORNEYS' FEES

5   24.   When the underlying substantive law provides for the award of

6   attorneys' fees, a party may include that amount in their calculation of the amount

7   in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

8   The Court may take into account reasonable estimates of attorneys' fees when

9   analyzing disputes over the amount in controversy. *See Brady v. Mercedes-Benz*

10  *USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002). Plaintiffs have sought

11  attorneys' fees and costs pursuant to California Code of Civil Procedure section

12  1021.5. [Complaint at p. 9 – prayer for relief.] They should therefore be included in

13  analyzing the amount in controversy, if needed.

14  25.   In the Ninth Circuit, 25% of the award has been used as a

15  "benchmark" for attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029

16  (9th Cir. 1998). Using this benchmark, attorneys' fees, when added to the amounts

17  discussed above, further increase the amount in controversy for alleged liability

18  exposure above the jurisdictional minimum for removal. Conservatively, we do not

19  include them in the above calculations.

20  ///

21  ///

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1

## NOTICE

2      26.    As required by 28 U.S.C. § 1446(d), Defendants are providing written

3   notice of the filing of this Notice of Removal to Plaintiffs, and are filing a copy of

4   this Notice of Removal with the Clerk of the Superior Court of the State of

5   California, in and for the County of Kern.

6

7    Dated:  December 6, 2018                    Respectfully submitted,

8
9                                               **BAKER & HOSTETLER, LLP**

10
                                                By:   */s/ Michael R. Matthias*
11                                                     Michael R. Matthias

12                                              *Attorneys for Defendants*
                                                WORLDMARK, THE CLUB;
13                                              WYNDHAM RESORT
                                                DEVELOPMENT CORPORATION;
14                                              and WYNDHAM VACATION
                                                OWNERSHIP, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

**PROOF OF SERVICE**

I, Denisse Aguilar, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120. On **December 6, 2018** I served a copy of the within document(s): **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ **VIA U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Robert D. Bedinger                    *Attorneys for Plaintiffs*
US Consumer Attorneys, P.A.
A Professional Law Corporation
1300 N. Johnson Ave., Suite 107
El Cajon, CA 92020

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose discretion the service as made, and I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **December 6, 2018** at Los Angeles, California.

_____
Denisse Aguilar

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE