EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WORLDMARK, THE CLUB, a California Corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon corporation, WYNDHAM VACATION OWNERSHIP, INC., a Delaware Corporation and Does 1-10, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Terina and Bryan Clark, individually and as Private Attorney Generals on behalf of the general public;

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
**ELECTRONICALLY FILED**
10/26/2018
Kern County Superior Court
Tamarah Harber-Pickens
By Elizabeth Garcia, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Kern County Superior Court
1415 Truxtun Ave., Bakersfield, CA 93301

**CASE NUMBER:**
*(Número del Caso):*
BCV-18-101122 TSC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Robert Bedinger (SBN 249040), US Consumer Attorneys, PA, APC, 1300 N. Johnson Ave., Suite 107, El Cajon, CA 92020, 855-627-0795

| DATE: *(Fecha)* 10/26/2018 | TAMARAH HARBER-PICKENS | Clerk, by *(Secretario)* Elizabeth Garcia | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ELECTRONICALLY FILED
5/10/2018 11:05 AM
Kern County Superior Court
Terry McNally
By Alondra Gonzalez, Deputy

US CONSUMER ATTORNEYS, P.A.
A Professional Corporation
W. Lee Biddle (SBN 217128)
1300 N. Johnson Ave.
Suite 107
El Cajon, CA 92020
Phone (855) 627-0795
lee.biddle.usca@gmail.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KERN

| | |
|---|---|
| TERINA & BRYAN CLARK, individually and as Private Attorney Generals on behalf of the general public;<br><br>Plaintiffs,<br><br>vs.<br><br>WORLDMARK, THE CLUB, a California Corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon corporation, WYNDHAM VACATION OWNERSHIP, INC., a Delaware Corporation and Does 1-10, inclusive;<br><br>Defendants. | Case No. BCV-18-101122<br><br>**Complaint For:**<br>1) **Injunctive Relief and Restitution Pursuant to Bus. & Prof. Code § 17200 et. seq.**<br>2) **Violation of California Timeshare Act**<br><br>**Jury Trial Demanded** |

Plaintiffs Terina & Bryan Clark ("Plaintiffs") complain and allege upon information and belief as follows:

## THE TIMESHARE INDUSTRY

1. The timeshare industry has long been notorious for aggressive sales practices and predatory conduct, often directed towards the elderly and those with dreams of vacations that may exceed their financial ability to achieve them. As a result of this industry-wide practice of deception timeshare companies have regularly faced expensive verdicts and been forced into settlements and consent decrees with regulators including:

-1-
CIVIL COMPLAINT

a. A $20,000,000 verdict against Wyndham Resorts in favor of a former sales representative who was fired for threatening to disclose Wyndham's business practices, including targeting of the elderly and a sales technique known as "TAFT" days or "Tell Them Any F@#*ing Thing" days.[1]

b. A December 2016 settlement by major timeshare operator Diamond Resorts, Inc. with the Arizona Attorney General in which Diamond agreed to pay over $800,000 and promised to release customers who complained of deceptive sales practices.[2]

c. A February 2016 settlement by timeshare operator Festiva with the Tennessee Attorney General requiring payment $3,000,000 to the state and its residents, release of certain customers from further contractual obligations and a requirement that Festiva cease unfair, deceptive, or misleading sales practices.[3]

d. A June 2015 settlement between Welk Resorts, Inc. and the Missouri Attorney General providing restitution to Missouri residents after complaints of deceptive sales practices.[4]

e. A May 2015 settlement between Wyndham and the State of Wisconsin, requiring the payment of over $665,000 to Wisconsin residents.[5]

f. An October 2015 settlement between Festiva and the State of Maine raising similar issues of deceptive sales practices.[6]

---

[1] https://dolanlawfirm.com/2016/11/wyndham-vacation-whistleblower-verdict/, and https://www.nytimes.com/2016/11/25/business/my-soul-feels-taller-a-whistle-blowers-20-million-vindication.html. (Last visited February 26, 2018)

[2] https://www.azag.gov/press-release/attorney-general-brnovich-announces-800000-settlement-diamond-resorts (Last visited February 26, 2018)

[3] https://www.tn.gov/attorneygeneral/news/2016/2/24/pr16-04.html. (Last visited February 26, 2018)

[4] http://themissouritimes.com/21184/release-attorney-general-koster-obtains-restitution-for-consumer-victims-of-timeshare-sales-company/ (Last visited February 26, 2018)

[5] https://www.bizjournals.com/milwaukee/news/2015/05/29/wisconsin-reaches-665-000-settlement-with-wyndham.html. (Last visited February 26, 2018)

[6] http://www.maine.gov/ag/docs/Festiva%20Settlement%20Agreement.pdf. (Last visited February 26, 2018)

    g. A 2010 settlement by timeshare operator BlueGreen Corporation with the State of Pennsylvania providing up to $1,000,000 in refunds to consumers with assurances that unlawful telemarketing and other deceptive sales practices by BlueGreen would cease.[7]

2. Timeshare companies engage in these deceptive practices because they must hide the truth: nearly all timeshares are worth nothing at all. Purchasers routinely find that instead of being able to take their dream vacations, the have "bought" nothing but the right to try to reserve their desired week in competition with thousands of other "owners" who are trying to do the same thing. For this reason, timeshares are routinely sold on secondary markets such as E-Bay for a small fraction of their initial costs, if they can be sold at all.

3. Purchasers pay for this right to try to reserve a week not only through a high interest mortgage, but also through annual maintenance fees that increase every year. These maintenance fees alone often exceed what a week in the identical or a comparable hotel or condominium rents for on the open market.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts. The Court also has jurisdiction to issue the requested relief pursuant to California Code of Civil Procedure §§ 525, 526 and 1060.

5. Venue as to each defendant is proper in this Court pursuant to California Code of Civil Procedure §§ 395(b) and 395.5. Defendants entered into a contract with Plaintiffs in the County of Kern and are within the jurisdiction of this Court.

6. The acts alleged herein have had a direct effect within the State of California and, more particularly, within the County of Kern.

---

[7] http://www.pacast.com/press_releases/1272_OAG_BlueGreen_feed.pdf (Last visited February 26, 2018)

-3-
**CIVIL COMPLAINT**

## THE PARTIES

7. Plaintiffs are residents of Bakersfield, California who have purchased timeshare points while in Bakersfield from WORLDMARK, THE CLUB and WYNDHAM RESORT DEVELOPMENT CORPORATION.

8. Defendant WORLDMARK, THE CLUB, ("Worldmark") is a California non-profit corporation that owns, manages or operates timeshare resort and hotel facilities, including in multiple locations in California.

9. Defendant WYNDHAM RESORT DEVELOPMENT CORPORATION ("WRDC") is an Oregon corporation doing business in California, which manages or operates timeshare resort and hotel facilities, including those owned by Worldmark in multiple locations in California.

10. Defendant WYNDHAM VACATION OWNERSHIP, INC. ("WVO") is a Delaware corporation doing business in California, and which is the parent company of WRDC.

11. Defendant DOES 1-10 are corporations, limited liability companies, and individuals whose true names, identities, and relationships are not yet known to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the matters and damages alleged herein, and that their actions were authorized by, ratified by and known to the named Defendants. Plaintiff will amend this Complaint, or request leave to do so if required, if and when the identities of the fictitiously-named Defendants become known.

12. At all times mentioned here, each Defendant, including the DOE Defendants, were the alter egos, agents, partners, joint ventures, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all time relevant hereto were acting within the course and scope of their authority as such alter egos, agents, partners, joint ventures, joint employers, representatives, servants, employees, successors, coconspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein. Defendants are, therefore, jointly and severally liable to Plaintiff for the damages alleged herein.

## BACKGROUND FACTS

13. Plaintiffs TERINA & BRYAN CLARK originally purchased a timeshare interest sold by Worldmark and WRDC while on vacation in San Diego in 2015 and made a purchase of additional timeshare points in September 2016.

### Unlicensed Telephonic Sales to Plaintiff

14. On or around April 29, 2017, Plaintiffs, while in Bakersfield, received a phone call from an office of Defendants. During this call, they were told many materially false and misleading statements in order to induce them to purchase still more timeshare points. Based on these false and misleading statements, they elected to purchase 1,000 additional Worldmark vacation credit points for $3,450.00, plus a $349.00 processing fee. The purchase was financed by a new extension of credit from WRDC, which brought the total amount owed by the Clarks for their timeshare purchases to over $26,000.00.

15. Timeshare points are an interest in real property. *Cal-Am Corp. v. Dept. of Real Estate*, (1980) 104 Cal. App. 3d 453, 457; Bus. & Prof. Code § 11212. For this reason, timeshare points must be sold in California by a California licensed real estate broker or California licensed real estate agent under the supervision of that California licensed real estate broker, and financing of the interest must be arranged by an appropriately licensed individual.

16. When selling timeshare points in-person within California, Defendants use California licensed real estate agents and brokers to conduct those sales, reflecting their understanding that their timeshare points are a property interest that must be sold by a licensed real estate agent.

17. "The purpose of the real estate licensing statutes is to protect the public from the perils incident to dealing with incompetent or untrustworthy real estate practitioners." *Preach v. Monter Rainbow*, (1993) 12 Cal. App. 4th 1441, 1455. The requirement that licensed brokers and agents make the sale and financing provides certain protections to the purchaser, since brokers and agents are subject to minimum educational requirements and subject to various statutory, regulatory and common law duties when engaged in the sale of real estate interests including timeshare points.

18. Plaintiffs signed a contract related to this purchase which indicated that it was for California purchasers, making it clear that Defendants understood that Plaintiffs were in California and were California residents. Plaintiffs were also called at their California number and Defendants are aware of their California residential address.

19. The salesperson who sold them more timeshare points over the phone was not a California licensed real estate broker or sales person. No person with the name of the individual who signed the contract on behalf of Defendants is listed as a current or recent holder or a California real estate broker or salesperson license. No California real estate license number or license information is provided for any representative of Defendants on the contract.

20. Plaintiffs are informed and believe, and therefore allege that the salesperson who made the sale of timeshare points to Plaintiffs earned a commission based on the sale, and that such commission was based on whole or in part on the amount that the salesperson convinced Plaintiffs to pay for the timeshare points and/or the amount financed and that such commission was paid directly or indirectly from the funds sent by Plaintiffs to Defendants. No unlicensed person may earn or be paid a commission from the sale of real estate or from arranging financing for real estate. Bus. & Prof Code § 10137.

## False Representations of Equity

21. Beginning after their initial purchase in 2015, Defendants have provided Plaintiffs with statements of their account which indicate that they have "equity" arising from their prior purchases of timeshare interests. For example, or about September 8, 2016, in the course of one of their "upgrade" purchases, Defendants made the written representation to Plaintiffs that they had equity of $10,089.03 arising from their earlier purchase of timeshare points from Defendants.

22. In the context of real estate, equity is commonly defined and understood to mean the market value of the property interest reduced by any liens or loans against the property interest, or the amount that could be obtained after selling the property in the open market and paying off any loans or liens against it. By representing to Plaintiffs that they had $10,089.03 in

equity, Defendants were making a representation to Plaintiffs that their timeshare interest had significant real value when that representation was false.

23. The actual market value of the timeshare points owned by Plaintiff in September of 2016 was zero or near zero, and the amount owed to Defendants significantly exceeded the market value of the property. Therefore, Plaintiffs actually had negative equity at the time it was represented to them that they had over $10,000 in equity arising from their prior timeshare purchases.

24. Defendants calculation of "equity" in their representations to Plaintiffs was not based on any analysis of the actual market value of Plaintiffs' timeshare interest or the amount owed on any loans and appears to simply be a calculation of the amount that Plaintiffs have previously paid to Defendants for the timeshare.

25. The Time-Share Act, Cal. Bus. & Prof. Code §11245 bars Defendants and their agents and representatives "making any material misrepresentation that is false or misleading in connection with any advertisement or promotion of a time-share plan." Laws applicable to the sale of real estate also imposed upon the sales person "a duty of honest and fair dealing and good faith" and "a duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties."

26. By representing to Plaintiffs that they had "equity" of over $10,000, Defendants knowingly made a materially false representation in the course of a sale of a timeshare interest to Plaintiffs.

27. Had the amount of "equity" arising from their prior purchases been properly calculated and accurately disclosed to Plaintiffs, Plaintiffs would not have purchased additional timeshare points from Defendants or would have sought to pay less for these points.

Representative Claims Under Bus. & Prof. Code § 17200

28. As to all representative claims under Bus. & Prof. Code section 17200 et seq. requiring compliance with the class pleading allegations of Code of Civil Procedure section 382, Plaintiffs bring this action behalf of themselves and as private attorney general on behalf of

all other similarly situated residents of California who have 1) been sold a timeshare in California by Defendants through individuals or entities not licensed to sell real estate or arrange financing for real estate purchases in California and 2) have been told by Defendants that they have earned "equity" on the purchase of timeshare points.

29. The action may be maintained representative action for public injunctive relief consistent with Business & Professions Code § 17203 and Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class and subclasses are easily ascertainable
    a. Commonality: Plaintiff and those they represent as private attorney generals share a community of interests in that there are common questions of fact and law which predominate over any questions and issues solely affecting individual class members, including, but not limited to:
        i. Whether timeshares are an interest in real property that must be sold in California by a licensed real estate agent or broker.
        ii. Whether the sale of a timeshare interest by Defendants over the phone to a resident of California constitutes the sale of real estate in California.
        iii. Whether Defendants employ California licensed real estate agents to conduct the sale of timeshare interests to California residents over the phone.
        iv. Whether Defendants paid commissions to unlicensed individuals for making sales of timeshare interests and arranging financing for the sale of timeshare interests to California residents.
        v. How Defendants calculate the amount of "equity" earned by owners of Defendants timeshare interests.
        vi. Whether the calculated equity bears any reasonable relationship to the value of the timeshare interest in excess of any liens or loans against it.
        vii. The reasons why Defendants represent to owners that they have earned a specific amount of "equity" based on their prior purchases from Defendants.

    b. The representative class is ascertainable in that it is compromised of individuals who can be easily identified by reference to objective criteria in the records of Defendants. Plaintiff does not currently know the number of similarly situated individuals but believes that there are thousands.

    c. The claims of the named Plaintiff are typical of those they represent in that 1) they were sold a timeshare interest and financing for the interest was arranged by an individual who did not hold the required California license for such work and 2) Defendants represented to them that they had "equity" arising from a timeshare purchase when in fact they did not have any equity in their purchase at all.

    d. Plaintiffs are adequate representatives in that they are willing and able to pursue this action for the benefits of others that they represent, their interest are not antagonistic to others that they represent and there are adequately represented by counsel experienced in timeshare related matters and in litigating the issues raised in this action.

## First Cause of Action

## Unfair Business Practices (Cal. Bus. & Prof. Code § 17200 et. seq.)

(Brought as Private Attorney General Against All Defendants)

30. Plaintiffs incorporates paragraphs 1-29 of the complaint as set forth herein.

31. Unlicensed sales and financing: It is unlawful and unfair in California for an entity to sell real estate other than through a licensed real estate broker or salesperson and unlawful to permit that unlicensed individual to receive any compensation arising directly or indirectly from the sale. Defendants have engaged in unlawful acts by allowing unlicensed individuals to sell timeshare interests within California to California residents and arrange financing for those purchases and paying compensation to these unlicensed individuals as a result of the sale.

32. Plaintiffs have lost money or property as a result of this conduct in that they have purchased an interest in real estate (a timeshare) through sales efforts of an individual not licensed in California and who failed to comply with the duties and obligations of a California real estate agent or broker. They are informed and believe and therefore allege that the individual who sold the

interest to them earned a commission which was directly or indirectly paid through the money they paid to Defendants.

33. Plaintiffs seek an order that Defendants cease engaging in the practice of using unlicensed brokers or salesperson to engage in the sale of timeshare interests to California residents, as well as an order permitting Plaintiffs and all other California residents who were sold timeshare interest through unlicensed individuals to void the contract and seek a full refund and/or seek return of any funds they paid which directly or indirectly were used to pay commissions to unlicensed individuals.

34. False representation of "equity": It is unlawful, unfair and fraudulent in California to make a material misrepresentation of facts in connection with the promotion of any timeshare interest. By stating to Plaintiffs that they had "equity" in excess of $10,000 arising from their prior timeshare purchases, Defendants made materially false representations to Plaintiffs in connection with the sale of a timeshare interest in violation of Cal. Bus. & Prof. Code §11245 and other laws. The statements were fraudulent in that Plaintiffs and other members of the public are likely to be deceived by these false and misleading statements of the equity value of timeshare interests that they own.

35. Plaintiffs lost money or property in that they were provided material false information about the equity value of timeshare points in the course of the sale of still more points by Defendants, and had the false information not been provided, they would not have made the additional purchases of timeshare points or would have purchased less points or sought a further reduction in the price.

36. Plaintiffs seek an order barring Defendants from making any representations of the "equity" value of any timeshare interest unless based on an actual analysis of the market value of the timeshare interest and the amount of loans owed against the timeshare interest.

37. Plaintiffs seeks an order permitting those who were provided misleading statements about the equity value of their timeshare interest to void any sale of additional timeshare points made to them after the false representations of the equity value of their timeshare interest.

38. Plaintiffs seek an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to return the full amount of

1 money improperly collected to all those who have paid them.

## Second Cause of Action

## Violation of California Time-Share Act

(Against all Defendants)

39. Plaintiff incorporates paragraphs 1-38 of the complaint as set forth herein.

40. Defendants are subject to the Vacation Ownership and Time-Share Act of 2004 (Cal. Bus. & Prof. Code §11210 et. seq.)

41. The Time-Share Act, Cal. Bus. & Prof. Code §11245 bars Defendants and their agents and representatives from acts including 1) making any material misrepresentation that is false or misleading in connection with any advertisement or promotion of a time-share plan, 2) materially misrepresenting the size, nature, extent, qualities, or characteristics of the offered time-share plan.

42. Defendants violated the Act by making false and misleading statements and/or providing misleading material information and/or concealing or suppressing material information, including:

　　a. Representing that Plaintiffs had "equity" in excess of $10,000 at the time they were being induced to purchase more timeshare points in September of 2016, when this equity value was not based on any analysis of actual market values of timeshare points and in fact was simply a representation of the amounts that Plaintiffs had already paid for the timeshare points, rather than what they could obtain if they sold their points in an open market transaction.

43. Under the Timeshare Act, Bus. & Prof. Code §11285, Plaintiffs, as timeshare owners, may seek damages, injunctive and declaratory relief. Plaintiffs seek all damages caused by Defendants' actions as well as an injunction barring Defendants from any further violations of the Act.

//
//
//
//
//

-11-
CIVIL COMPLAINT

**WHEREFORE**, Plaintiffs request that this Court grant the following relief:

1. For general damages under Bus. & Prof. Code §11285;

2. To preliminarily and permanently enjoin Defendants from engaging in acts which violate California's Time-Share Act and/or Bus. & Prof. Code § 17200 et seq;

3. To permit Plaintiffs and all those similarly situated to cancel and seek refunds on timeshare contracts which were sold by unlicensed sales agents and/or seek refund of all or part of the money paid under such contracts.

4. To permit Plaintiffs and all those similarly situated to cancel and seek refunds on timeshare contracts which were sold after false and misleading representations of the "equity" value of timeshare points.

5. For an order requiring disgorgement of monies wrongfully obtained as a result of Defendants wrongful and illegal conduct and/or restitution of monies wrongfully acquired.

6. Award Plaintiffs the costs of this suit and reasonable attorney fees pursuant to contract or Code of Civil Procedure § 1021.5; and

7. For such other relief that the court deems proper.

Dated: May 10, 2018                US CONSUMER ATTORNEYS, PC

By: _____
    W. Lee Biddle

Attorneys for Plaintiffs TERINA & BRYAN CLARK

---

US CONSUMER ATTORNEYS, P.A.
A Professional Corporation
 Robert D. Bedinger (SBN 249040)
1300 N. Johnson Ave.
Suite 107
El Cajon, CA 92020
Phone (855) 627-0795
Rob@uscalaw.com

Attorneys for Plaintiffs Terina & Bryan Clark

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KERN

| | |
|---|---|
| TERINA & BRYAN CLARK, individually and as Private Attorney Generals on behalf of the general public;<br><br>Plaintiffs,<br><br>vs.<br><br>WORLDMARK, THE CLUB, a California Corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon corporation, WYNDHAM VACATION OWNERSHIP, INC., a Delaware Corporation and Does 1-10, inclusive;<br><br>Defendants. | Case No. BCV- 18-101122<br><br>**NOTICE OF CHANGE OF HANDLING ATTORNEY WITHIN FIRM** |

I, Robert D. Bedinger, hereby provide this Notice of Change of Handling Attorney to the Court and request the court take notice and change within-firm representation as follows:

My firm, US Consumer Attorneys, by W. Lee Biddle has made an appearance in the above-entitled action. I request to be replaced as counsel of record for the parties on whose behalf the above-named attorney has appeared and further request the court remove the above-named attorney from the Court's service list for this case only.

//

//

-1-
**NOTICE OF CHANGE OF HANDLING ATTORNEY WITHIN FIRM**

Please forward all further notices, pleadings, discovery and writings to my attention.

Dated: October 30, 2018     US CONSUMER ATTORNEYS, PC

By: _____
    Robert D. Bedinger

Attorneys for Plaintiffs TERINA & BRYAN CLARK

-2-
**NOTICE OF CHANGE OF HANDLING ATTORNEY WITHIN FIRM**