MICHAEL R. MATTHIAS (SBN 57728)
**BAKER & HOSTETLER LLP**
*mmatthias@bakerlaw.com*
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:     310.820.8800
Facsimile:      310.820.8859

*Attorneys for Defendants*
WORLDMARK, THE CLUB, WYNDHAM RESORT
DEVELOPMENT CORPORATION, and
WYNDHAM VACATION OWNERSHIP, INC.

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERINA & BRYAN CLARK, individually and as Private Attorney Generals on behalf of the general public;<br><br>Plaintiffs,<br><br>v.<br><br>WORLDMARK, THE CLUB, a California Corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION, an Oregon corporation, WYNDHAM VACATION OWNERSHIP, INC., a Delaware Corporation and Does 1-10, inclusive;<br><br>Defendants. | Case No.: 1:18-cv-01661-LJO (JLT)<br><br>[Hon. Lawrence J. O'Neill]<br><br>**DEFENDANTS' NOTICE OF AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(F), OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)**<br><br><u>Hearing</u><br>Date:          January 14, 2019<br>Time:          8:30 a.m.<br>Ctrm:          4 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 14, 2019 at 8:30 a.m. in Courtroom 4 of the above-referenced Court, located at 2500 Tulare Street, Fresno, California 93721, Defendants WorldMark, The Club ("WorldMark"), Wyndham Resort Development Corporation ("WRDC") and Wyndham Vacation Ownership, Inc. ("WVO," and collectively, "Defendants") will, and hereby do, move to dismiss Plaintiffs Terina and Bryan Clark's (collectively, "Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and (f) on the following bases:

First, paragraphs 1 (including subsections a-g) through 3 of the Complaint should be stricken pursuant to Rule 12(f) as immaterial, impertinent and scandalous. These allegations have no bearing on Plaintiff's allegations against Defendants in the Complaint, and should therefore be stricken by the Court.

Second, Plaintiffs fail to adequately allege any cause of action against Defendant WVO. The Complaint contains no direct charging allegations against WVO, and Plaintiffs' generic alter ego allegations are so conclusory in nature that Plaintiffs cannot maintain a claim against WVO on the basis of alter ego. Therefore, Plaintiffs' Complaint should be dismissed against WVO.

Finally, Plaintiffs' Complaint should be dismissed in its entirety because the First and Second Causes of Action fail to state a claim against all Defendants. The Complaint contains such sparse allegations that they amount to nothing more than conclusory assertions. Plaintiffs have not satisfied their pleading requirements, and as such, the Court should dismiss their Complaint pursuant to Rule 12(b)(6).

In the event that Plaintiffs' Complaint is not dismissed in its entirety, Defendants move this Court for an order requiring Plaintiffs to provide a more definite statement of the claims alleged against Defendants pursuant to Rule 12(e).

///

///

///

1   This Motion is based upon this Notice of Motion and Motion, the accompanying

2   Memorandum of Points and Authorities, all evidence of which the Court may take judicial

3   notice, any oral argument of counsel heard by the Court, and all other information as may be

4   presented to the Court.

5

6   Dated:      December 13, 2018            Respectfully Submitted,

7                                           **BAKER & HOSTETLER LLP**

8
                                            By:     */s/Michael R. Matthias*
9                                                   Michael R. Matthias

10                                          *Attorneys for Defendants*
                                            WORLDMARK, THE CLUB, WYNDHAM
11                                          RESORT DEVELOPMENT CORPORATION, and
                                            WYNDHAM VACATION OWNERSHIP, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION .................................................................................................1

II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ......................2

    A.  Plaintiffs Purchased Vacation Credits in 2015 and Additional Vacation Credits in 2016.........................................................................2

    B.  Plaintiffs Purchase Additional Vacation Credits in 2017 ........................3

III.  LEGAL STANDARD ON MOTION TO DISMISS ...........................................4

    A.  Federal Rules of Civil Procedure Rule 12(f) ...........................................4

    B.  Federal Rules of Civil Procedure Rule 12(b)(6) ......................................4

    C.  Federal Rules of Civil Procedure Rule 12(e) ...........................................5

IV.  LEGAL ARGUMENT..........................................................................................5

    A.  All Examples of Unrelated Case Verdicts As To The "Timeshare Industry" Should Be Stricken ....................................................................5

    B.  Plaintiffs' Complaint Fails to Allege Facts Sufficient to Support Any Claim Against Defendant WVO ........................................................6

    C.  Plaintiffs' Complaint Fails to State a Claim Against Defendants Under the Timeshare Act ..........................................................................7

    D.  Plaintiffs Fail to State a Claim Under The UCL.......................................9

        1.  Plaintiffs Fail to Allege "Unlawful" Business Practices or Acts...............10

        2.  Plaintiffs Fail to Allege "Fraudulent" Business Practices or Acts.............10

        3.  Plaintiffs Fail to Allege "Unfair" Business Practices or Acts....................11

    E.  Defendants' Request A More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) ............................................................................................11

V.  CONCLUSION...................................................................................................13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT; CASE NO. 1:18-CV-01661-LJO (JLT)

# TABLE OF AUTHORITIES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Page(s)

**Cases**

*In re 2TheMart.com, Inc. Securities Litigation*,
  114 F.Supp.2d 955 (C.D. Cal. 2000) ...................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................4, 7

*Bell Atlantic v. Twombly*,
  127 S. Ct. 1955 (2007)...............................................................................4, 7

*Broam v. Bogan*,
  320 F.3d 1023 (9th Cir. 2003) .......................................................................5

*Chang v. Chen*,
  80 F.3d 1293 (9th Cir. 1996) ........................................................................5

*Cisneros v. Instant Capital Funding Grp., Inc.*,
  263 F.R.D. 595 (E.D. Cal. 2009) ...................................................................4

*Davis v. HSBC Bank Nev., N.A.*,
  691 F.3d 1152 (9th Cir. 2012) .....................................................................11

*De La Cruz v. Tormey*,
  582 F.2d 45 (9th Cir. 1978) ..........................................................................4

*DocMagic, Inc. v. Ellie Mae, Inc.*,
  745 F. Supp. 2d 1119 (N.D. Cal. 2010) .......................................................10

*Fantasy Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) .......................................................................5

*Flynn v. Marriott Ownership Resorts, Inc.*,
  165 F. Supp. 3d 955 (D. Haw. 2016) .............................................................8

*Garcia v. Sony Computer Ent. Am., LLC*,
  859 F. Supp. 2d 1056 (N.D. Cal. 2012) ...................................................10, 11

*Keicy Chung v. Vistana Vacation Ownership, Inc.*,
  No. CV1704803RGKJCX, 2017 WL 6886721 (C.D. Cal. Oct. 19, 2017*), aff'd
  sub nom. Chung v. Vistana Vacation Ownership, Inc.*, 719 F. App'x 698 (9th
  Cir. 2018) .................................................................................................11

*Lazar v. Superior Court*,
  12 Cal.4th 631 (1996) ..................................................................................8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Neilson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ...........................................................7

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) .................................................................4, 8

*Renner v. Bluegreen Corp.*,
   2016 WL 10835981 (C.D. Cal. Aug. 15, 2016) .........................................9

*Robertson v. Corrothers*,
   812 F.2d 1173 (9th Cir. 1981) ...............................................................5

*Rubio v. Capital One Bank*,
   613 F. 3d 1195 (9th Cir. 2010) ..............................................................10

*Small v. Fritz Cos., Inc.*,
   30 Cal. 4th 167, 65 P.3d 1255 (Cal. 2003) ...........................................9

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   93 Cal. App. 4th 700 (2001) ................................................................10

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 ...........................................................................................5

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..............................................................8, 9

*Swierkiewicz v. Sorema NA*,
   534 U.S. 506 (2002) ...............................................................................5

*Wady v. Provident Life & Accident Ins. Co. of Am.*,
   216 F. Supp. 2d 1060(C.D. Cal. 2002) .................................................7

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) .............................................................4, 5

*Wilson v. Hewlett-Packard Co.*,
   668 F. 3d 1136 (9th Cir. 2012) ...........................................................10

**Statutes**

California Business & Professions Code § 17200, and (2)..........................1, 3, 9

California Business & Professions Code § 11210 .......................................3

**Rules**

Federal Rules of Civil Procedure Rule 8(a) ...............................................4

Federal Rules of Civil Procedure Rule 9(b)...............................2, 4, 8, 9, 12

Federal Rules of Civil Procedure 12(b)(6) and (f)................................................................1, 4, 5

Federal Rules of Civil Procedure Rule 12(e) ...................................................................1, 5, 11

Federal Rules of Civil Procedure Rule 12(f) ..........................................................................4, 6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVELY,
FOR A MORE DEFINITE STATEMENT; CASE NO. 1:18-CV-01661-LJO (JLT)

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and (f), Defendants WorldMark, The Club ("WorldMark"), Wyndham Resort Development Corporation ("WRDC") and Wyndham Vacation Ownership, Inc. ("WVO") (collectively, the "Defendants") move this Court to dismiss Plaintiffs Terina and Bryan Clark's (collectively, "Plaintiffs") Complaint in its entirety, without leave to amend. Alternatively, Defendants seek an order for a more definite statement under Rule 12(e).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Complaint in this action centers upon Plaintiffs' alleged purchase of vacation credits[1] from WRDC in the multi-site timeshare plan known as WorldMark, The Club. According to the Complaint, Plaintiffs initially purchased vacation credits in or around 2015 while on vacation in San Diego, and subsequently purchased additional vacation credits in September 2016. Plaintiffs claim that, due to unspecified misrepresentations by an unnamed individual on a call they received in April 2017, along with alleged representations regarding the nature of Plaintiffs' "equity" in their vacation credits, Plaintiffs elected to purchase 1,000 additional vacation credits in 2017. Based upon these vague allegations, Plaintiffs allege that they were fraudulently induced to purchase the additional vacation credits in April 2017. Plaintiffs also allege that the sale of the vacation credits constituted a sale of real property, and that the unnamed salesperson on the April 2017 call was not licensed to make such a sale in California.

With their Complaint, Plaintiffs assert claims pursuant to two consumer protection statutes[2] on allegations that the Defendants (1) engaged in an unlawful and unfair business practice by entering into an unlicensed sale of a property interest and received compensation from it, and (2) made material misrepresentations and false statements as to the true market value of the "equity" interests held by Plaintiffs.

---

[1] Throughout the Complaint Plaintiffs oscillate between referring to "timeshare interest," "timeshare points," and "vacation credit points". (See, e.g., Compl., ¶¶ 21-24.) They are referred to herein as vacation credits as stated in the Vacation Owner Agreements signed by Plaintiffs.

[2] California's Vacation Ownership & Timeshare Act of 2004 (the "Timeshare Act") and the California Business and Professions Code Section 17200 (the "UCL")

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiffs' allegations are nothing more than legal conclusions—in fact, the Complaint fails to set forth specific facts as to which Defendants made alleged misrepresentations or the precise nature of the alleged misrepresentations.  Plaintiffs fundamentally fail to plead their two causes of action with the particularity and specificity required under Federal Rules of Civil Procedure Rule 9(b).  Plaintiffs additionally fail to allege sufficient particularized, nonconclusory facts to allege violations of unlicensed real estate transactions under the Timeshare Act, or any related violation of the UCL.  Instead, Plaintiffs focus on presenting irrelevant and inflammatory allegations concerning unrelated lawsuits in an effort to cast the entire timeshare industry in a bad light.  These speculative, conclusory, and irrelevant allegations are insufficient to allow Plaintiffs to proceed with their claims.

Plaintiffs' overarching pleading failures doom their claims; the flaws are so fundamental that no amount of further re-pleading could cure them.  Accordingly, Plaintiffs' Complaint against Defendants should be dismissed in its entirety without leave to amend.  However, at minimum, paragraphs 1 through 3 of Plaintiffs' Complaint should be stricken, and an order issued requiring Plaintiffs to provide a more definite statement of their claims against Defendants.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiffs Purchased Vacation Credits in 2015 and Additional Vacation Credits in 2016

According to the Complaint, Plaintiffs initially purchased vacation credits in or around 2015 while on vacation in San Diego.  (Compl., ¶ 13.)  Plaintiffs allege that they subsequently purchased additional vacation credits in September 2016.  (*Id*.)

Plaintiffs further allege that, on or about September 8, 2016, Defendants made a written representation to Plaintiffs that they had "equity" of $10,089 arising from their prior purchase of vacation credits. (Compl., ¶ 21.)  Plaintiffs claim that they believed their vacation credits to have significant value due to Defendants' representations, but that they have since come to the conclusion that the market value of the vacation credits was zero or near zero.  (Compl., ¶ 22.)  Plaintiffs allege that they would not have purchased additional vacation credits from Defendants

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

or would have sought to pay less for them, if the amount of their "equity" had been properly calculated.  (Compl., ¶ 27.)

**B.      Plaintiffs Purchase Additional Vacation Credits in 2017**

On or around April 29, 2017, Plaintiffs allege that they received a phone call from an unidentified individual at "an office of Defendants" (the "April 29th Call").  (Compl., ¶ 14.)  The Complaint does not identify which of the three Defendants' "office" the call originated from. (*Id.*)  Plaintiffs then allege that, during the April 29th Call, they were told "many materially false and misleading statements in order to induce them to purchase still more timeshare points."[3] (*Id.*)  The Complaint does not identify the specific "false and misleading statements" that were made.  (*Id.*)

Plaintiffs claim that, due to the unspecified statements by an unnamed individual on the April 29th Call, Plaintiffs elected to purchase 1,000 additional vacation credits.  (*Id.*)  The purchase was allegedly financed through a new extension of credit from WRDC.  (*Id.*)  After the purchase, Plaintiffs allege that they owed approximately $26,000 related to the purchase of their vacation credits.  (*Id.*)

Plaintiffs allege that their purchase of 1,000 vacation credits on April 29th constituted a sale of real property requiring the involvement of a licensed real estate broker.  However, Plaintiffs claim that the unnamed salesperson on the April 29th Call was not a California-licensed real estate broker, and allege, on information and belief, that the unnamed salesperson improperly earned a commission based upon the sale.  (Compl., ¶ 19-20.)

Based upon these sparse facts, Plaintiffs filed the instant action on May 10, 2018 in state court, alleging two causes of action: (1) Violation of the Unfair Business Practices ("UCL"), California Business & Professions Code § 17200, and (2) Violation of the Timeshare Act, California Business & Professions Code § 11210.  (Dkt. No. X.)  On December 6, 2018, Defendants removed the action to federal court on the basis of diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA").  (Dkt. No. 1.)

---

[3] Plaintiffs' inability to differentiate between what they refer to as "timeshare points", "timeshare interest", and "vacation credit points" makes it difficult for Defendants to reasonably prepare a response to the Complaint as it is unclear what purported misrepresentation impacted which purchase.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   **III.    LEGAL STANDARD ON MOTION TO DISMISS**

2          **A.      Federal Rules of Civil Procedure Rule 12(f)**

3          Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike

4   from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

5   matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

6          **B.      Federal Rules of Civil Procedure Rule 12(b)(6)**

7          A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

8   legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A

9   complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual

10  allegations do not raise the right to relief above the speculative level. *Bell Atlantic v. Twombly*,

11  127 S. Ct. 1955, 1965 (2007); *see also Cisneros v. Instant Capital Funding Grp., Inc.*, 263

12  F.R.D. 595, 603 (E.D. Cal. 2009) (O'Neill, L.) ("A F.R.Civ.P. 12(b)(6) dismissal is proper where

13  there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged

14  under a cognizable legal theory").  "To survive a motion to dismiss, a complaint must contain

15  sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

16  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (construing Rule 8(a)) (citation omitted).  A claim is

17  plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

18  reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

19          However, when claims sound in fraud, courts apply a heightened pleading standard

20  pursuant to Rule 9(b). Fed. R. Civ. P. 9(b). Rule 9(b) requires a party alleging fraud to "state

21  with particularity the circumstances constituting fraud." *Id.*; *see also Cisneros, supra,* 263

22  F.R.D. at 606 ("As to multiple fraud defendants, a plaintiff must provide each and every

23  defendant with enough information to enable them 'to know what misrepresentations are

24  attributable to them and what fraudulent conduct they are charged with'") (internal citations

25  omitted).  To plead fraud with particularity, the pleader must state the time, place, and specific

26  content of the false representations. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir.

27  2007).

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); s*ee also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Robertson v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1981).  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001, amended by 275 F.3d 1187 (9th Cir. 2001).

### C.      Federal Rules of Civil Procedure Rule 12(e)

Under a Rule 12(e) motion that a defendant may move for a "more definite statement" of the plaintiff's claims when the allegations are so "vague or ambiguous" that the defendant is prevented from "reasonably prepar[ing] a response." *Swierkiewicz v. Sorema NA*, 534 U.S. 506 (2002).

## IV.    LEGAL ARGUMENT

### A.      All Examples of Unrelated Case Verdicts As To The "Timeshare Industry" Should Be Stricken

As explained above, Defendants may move the Court for an order striking "any redundant, immaterial, impertinent, or scandalous matter" from the Complaint.  *Whittlestone, Inc., supra*, 618 F.3d at 973.  With this Motion, Defendants move the Court for an order striking paragraphs 1 (including subsections a-g) through 3 of Plaintiffs' Complaint.

Paragraphs 1 through 3 should be stricken from the Complaint because they are immaterial, impertinent, and scandalous.  *Bowers v. First Student*, Inc., No. 2:14-CV-866, 2015 U.S. Dist. LEXIS 54238, at **5-6 (C.D. Cal. Apr. 23, 2015) (quoting *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) ("[u]nder the Court's analysis, an "immaterial matter" is that… "which has no essential or important relationship to the claim for relief or the defenses being pled"); *see Whittlestone, Inc., supra,* 618 F.3d at 974 ("[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question"); *In re*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    *2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000)

2    ("'[i]mpertinent' has been defined as allegations that are not responsive or irrelevant to the issues

3    that arise in the action and which are inadmissible as evidence"). Scandalous pleadings for

4    purposes of Rule 12(f) must 'reflect cruelly' upon the defendant's moral character, use

5    "repulsive language" or "detract from the dignity of the court." Moore's Federal Practice ¶

6    12.21 at p. 2429 (1983). Furthermore, to be scandalous such "degrading charges [must] be

7    irrelevant. ..." (*Id.*)

8         Here, the Plaintiffs improperly preamble their Complaint with a section entitled "The

9    Timeshare Industry," listing examples of other distinct cases where companies purportedly faced

10   liability due to the "industry-wide practice of deception" in the timeshare industry. (Compl., ¶¶

11   1-3.) These statements are unrelated to the factual allegations set forth in Plaintiffs' Complaint

12   and immaterial to the elements of Plaintiffs' Causes of Action. Moreover, Plaintiffs' inclusion of

13   "The Timeshare Industry" section is nothing more than a blatant attempt to prejudice the reader

14   against Defendants at the outset. Whether certain companies faced liability or entered into

15   settlements on separate and distinct claims has nothing to do with Plaintiffs' claims against the

16   Defendants. This portion of Plaintiffs' Complaint that purports to color the entire timeshare

17   industry as a fraud is irrelevant and highly prejudicial to Defendants.

18        Accordingly, paragraphs 1 (including subsections a-g) through 3 of Plaintiffs' Complaint

19   constitute immaterial, impertinent, and/or scandalous matter that the Court should strike.

20   **B.     Plaintiffs' Complaint Fails to Allege Facts Sufficient to Support Any Claim**

21   **Against Defendant WVO**

22        Plaintiffs have named three defendants in this action: WorldMark, WRDC, and WVO.

23   The Complaint, however, fails to assert even the most basic allegations supporting a viable claim

24   against WVO.

25        Plaintiffs' Complaint alleges that their purchases were made from WorldMark and

26   WRDC, and that WRDC "…manages or operates timeshare resort and hotel facilities, including

27   those owned by Worldmark [sic]..." (Compl. ¶¶ 8-9.) Plaintiffs then assert that WVO is

28   WRDC's parent company. (Compl. ¶ 10.) Without any additional supporting allegations,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

Plaintiffs allege that WorldMark, WRDC and WVO "were the alter egos. . .each of the other, and at all time (sic) relevant hereto were acting within the course and scope of their authority as such alter egos. . ." and that each of the Defendants "are jointly and severally liable" for damages to the Plaintiffs.  (Compl., ¶ 12.)

Such a pleading lacking in any specificity should be disregarded.  *See Iqbal*, 556 U.S. at 678 (declaring that "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 557).  Plaintiffs' mere allegation that WVO is WRDC's parent company is insufficient to maintain a claim for alter ego liability, and is woefully insufficient to provide a separate basis for liability about WVO.

With respect to the former allegation, a parent company generally cannot be held liable for acts of its subsidiary. *See, e.g., Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).  For a parent to be so liable, sufficient facts must be alleged to permit a finding that the subsidiary is the parent company's alter ego, *i.e.*, that the subsidiary is merely a conduit for the parent company.  *Id.*  The allegations must be specific, as "purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard."  *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1067(C.D. Cal. 2002).  Here, the Plaintiffs make no such allegations.  In fact, the Complaint makes no mention or allegations of WVO other than stating that it "…is a Delaware corporation doing business in California, and which is the parent company of WRDC." (Compl. ¶ 10.)

Accordingly, Plaintiffs' Complaint fails to state a claim against WVO individually, or on the basis of alter ego liability.  As such, the Court should dismiss the claims against WVO set forth therein.

## C.     Plaintiffs' Complaint Fails to State a Claim Against Defendants Under the Timeshare Act

With their Second Cause of Action for Violation of the Timeshare Act, Plaintiffs allege that the Defendants engaged in (1) material misrepresentation in advertising and promoting the "time-share plan," and, (2) "materially misrepresenting the size, nature, extent, qualities and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

1  characteristics of the offered time-share plan." (Compl. ¶ 41). (Count II).)  Defendants, however,

2  made no such misrepresentations, and as discussed *supra*, the Plaintiffs' allegations are

3  inadequately pled.

4      The Plaintiffs premise their claim for violations of the Timeshare Act on purported

5  misrepresentations.  These allegations sound in fraud and are thus subject to a heightened

6  pleading standard.  *Abramson*, 155 F. Supp. 3d at 1064 (applying the 9(b) standard to all five

7  causes of action which were grounded in the same alleged fraudulent conduct); *see also, Flynn v.*

8  *Marriott Ownership Resorts, Inc.*, 165 F. Supp. 3d 955, 973 (D. Haw. 2016) (applying Rule 9(b)

9  where plaintiff alleged intentional misrepresentations while purchasing timeshare points from

10  defendants). In California, "'the elements of fraud are (a) misrepresentation (false representation,

11  concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud,

12  i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Lazar v. Superior*

13  *Court*, 12 Cal.4th 631, 638 (1996). The Plaintiffs here fail to plead the misrepresentations, that

14  they changed position in reliance upon the alleged fraud and were therefore damaged by that

15  change of position. *Id.* Further, Plaintiffs' allegations of damages are stated only in the vaguest

16  of terms, i.e., that they "lost money or property in that they were provided material false

17  information about the equity value of timeshare points  . . ." (Cmpl. ¶ 35.)

18      The Plaintiffs here not only fail to plead each element of fraud but fail to do so with

19  specificity and particularity required under Rule 9(b). Fraud must be plead with particularity,

20  meaning the pleader must state the "time, place, and specific content of the false representations."

21  *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). Further, when there are multiple

22  defendants, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but

23  require[s] plaintiffs to differentiate their allegations when suing more than one defendant" *Swartz*

24  *v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

25      Plaintiffs' Complaint consists entirely of conclusions. (*See* Compl. ¶ 33.)  For example, the

26  Plaintiffs' allegations identify only one date, April 29, 2017 (Cmpl. ¶ 14), in which "the Plaintiffs

27  received a call from the office of Defendants," (*Id.*) and were told "many materially false and

28  misleading statements[,]" and that "[b]ased on these false and misleading statements" Plaintiffs

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

were induced to purchase additional vacation credits.  (*Id*.)  The Plaintiffs not only fail to allege *which of the Defendants* made any specific material misrepresentation, but what the *specific content* of any false representation was. They only generally allege that a salesperson for the Defendants made the representations, but do not identify who specifically said what. *Swartz*, 476 F.3d at 764-765; *Renner v. Bluegreen Corp*., 2016 WL 10835981, at *3 (C.D. Cal. Aug. 15, 2016) (dismissing under Rule 9(b) where the plaintiffs did not allege the employees' titles, responsibilities, or the contexts in which they represented themselves as being authorized to speak for Defendants regarding the timeshare interest).

Furthermore, Plaintiffs' allegations are vague, nonsensical and confusing. The Plaintiffs allege that Defendants "knowingly made a materially false representation in the course of a sale of a timeshare interest to Plaintiffs" by "representing to Plaintiffs that they had 'equity' of over $10,000" (Cmpl. ¶ 26), and that this 'equity' value "was not based on any analysis of actual market value of timeshare interest or the amount owed," and in fact was "simply a representation of the amounts that Plaintiffs had already paid to Defendants for the timeshare." (Cmpl. ¶ 24.) Plaintiffs fail to allege how these allegations from 2015 and 2016 relate to the alleged misrepresentation that occurred on the April 29, 2017 call during which Plaintiffs were allegedly induced into purchasing additional vacation credits. Furthermore, the Plaintiffs fail to plead facts specifically showing what reliance and damages the Plaintiffs suffered due to the alleged material misrepresentations. Plaintiffs fail to specify the defendants, dates, transactions or what each defendant's role was in the alleged fraudulent scheme. "Conclusory language does not satisfy the specificity requirement of a common law fraud claim." *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 184, 65 P.3d 1255, 1265 (Cal. 2003).

Therefore, for the reasons stated above, the Court should dismiss the Plaintiffs' claims.

### D.    Plaintiffs Fail to State a Claim Under The UCL

The Plaintiffs' UCL claim (Count I) is based on the same allegations of misrepresentations as their Timeshare Act claim.  The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "[A] business act or practice need only meet one of the three

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

criteria—unlawful, unfair, or fraudulent—to be considered unfair competition under the UCL."
*Abramson*, 155 F. Supp. 3d at 1066. The Plaintiffs' allege that the Defendants' "business acts
and practices" about which the Plaintiffs' complain are "unlawful" and "unfair" in that they
violate the Timeshare Act, and are "fraudulent" in that they "constitute unlawful
misrepresentations" concerning the equity and nature of the vacation credits. (Cmpl. at ¶¶ 33-
35.) The Plaintiffs fail to allege that the Defendants' practices violate any of the three prongs of
the UCL using the same alleged misrepresentations as the Timeshare Act claim.

### 1.   Plaintiffs Fail to Allege "Unlawful" Business Practices or Acts

The UCL's "unlawful" prong "borrows violations of other laws and treats them as ...
independently actionable." *See Wilson v. Hewlett-Packard Co.*, 668 F. 3d 1136, 1140 (9th Cir.
2012). Importantly, "'a violation of another law is a predicate for stating a cause of action under
the UCL's unlawful prong.'" *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1146
(N.D. Cal. 2010) (citation omitted). Thus, a plaintiff's inability to state a claim under a
"borrowed" law necessarily precludes a claim under the UCL's "unlawful" prong. *See Smith v.
State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001). Therefore, because the
Plaintiffs fail to state a claim under the Timeshare Act, (*see, supra*, § IV C), the Plaintiffs' UCL
claim should be dismissed to the extent it alleges "unlawful" business practices or acts.

### 2.   Plaintiffs Fail to Allege "Fraudulent" Business Practices or Acts

To state a claim under the UCL's "fraudulent" prong, the Plaintiffs must allege facts
showing "reasonable members of the public are likely to be deceived." *See Rubio v. Capital One
Bank*, 613 F. 3d 1195, 1204 (9th Cir. 2010); *see also Freeman*, 68 F. 3d at 289 (explaining that
'likely' means "deception must be probable, not just possible"). A claim based on the UCL's
"fraudulent" prong requires a plaintiff to "first identify a plausible misrepresentation." *Garcia v.
Sony Computer Ent. Am., LLC*, 859 F. Supp. 2d 1056, 1066 (N.D. Cal. 2012). The Plaintiffs
allege that it was misrepresented to them (on the phone and on account statements) that they had
"equity of over $10,000" when "the actual market value of the timeshare points owned by
Plaintiffs in September 2016 was zero or near zero, and the amount owed to Defendants
significantly exceeded the market value of the property." (Cmpl. ¶¶ 23, 26.)  These allegations

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

are vague and general. The Plaintiffs fail to allege specific facts showing whether a reasonable

person would be deceived by such statements, or whether Plaintiffs themselves actually relied on

these alleged misrepresentations. Plaintiffs have, thus, "failed to allege facts that would support a

finding of likely deception." *See Garcia*, 859 F. Supp. 2d at 1065.

Accordingly, to the extent it alleges "fraudulent" business practices or acts, Plaintiffs'

UCL claim should be dismissed.

### 3.   Plaintiffs Fail to Allege "Unfair" Business Practices or Acts

"[T]he proper definition of 'unfair' conduct against consumers 'is currently in flux' among

California courts." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (internal

citations omitted).  However, Courts in this District apply a three-party test to determine whether

the conduct is "unfair": "(1) the consumer injury must be substantial; (2) the injury must not be

outweighed by any countervailing benefits to consumers or competition; and (3) it must be an

injury that consumers themselves could not reasonably have avoided." *Abramson*, 155 F. Supp. 3d

1056 at 1066. Nonetheless, under this test, the Plaintiffs must meet the heightened pleading

standard.  *Id.* The Plaintiffs haven't done so for the same reasons discussed in Section IV(C) above.

Therefore, the Plaintiffs' UCL claim should be dismissed to the extent it alleges "unfair"

business practices or acts.

### E.   Defendants' Request A More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)

Under Rule 12(e) '[a] party may move for a more definite statement of a pleading to which

a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response." Fed. R. Civ. Pro. Rule 12(e).  Courts require a plaintiff to set forth

"what is false or misleading about [a] statement, and why it is false," *Vess v. Ciba-Geigy; Corp.*

*USA*, so, "in essence, a defendant [can] prepare an adequate answer to the allegations of fraud."

317 F.3d 1097, 1106 (9th Cir. 2003); *Keicy Chung v. Vistana Vacation Ownership, Inc.*, No.

CV1704803RGKJCX, 2017 WL 6886721, at *2 (C.D. Cal. Oct. 19, 2017*), aff'd sub nom. Chung*

*v. Vistana Vacation Ownership, Inc.*, 719 F. App'x 698 (9th Cir. 2018).

Here, the Plaintiffs' allegations are bare conclusions. The Plaintiffs' failure to plead the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

facts and elements of fraud with the requisite specificity makes it difficult, if not impossible for the Defendants' to respond to the Plaintiffs' allegations. See *Scott*, 2018 WL 6111664 at *7 (the allegations meet Rule 9(b) when a plaintiff "identify and detail [defendants'] statements, when and where they were made, why their statements were false or misleading, how the statements deceived [plaintiff into] stopping their required Timeshare Agreement payments, how [p]laintiffs were damaged, and what [defendants] obtained as a consequence of their purported fraud.")) (internal citations omitted).

Moreover, most of the Plaintiffs' allegations are vague and ambiguous. For instance, the Plaintiffs claim that the alleged false statements were made during a phone call on April 29, 2017 (Compl. ¶ 14), yet, the entirety of the Complaint is limited to alleged false representations of "equity" which Plaintiffs claim took place in September 2016, and not in 2017. (Compl. ¶ 21.) Similarly, in another instance, the Plaintiffs assert a legal conclusion that "timeshare points are an interest in real property" (Compl. ¶ 15) and therefore subject to the California licensing requirements (*id*.); however, the Plaintiffs in their request for injunctive relief, ask this Court to determine the issue of whether "timeshare points are an interest in real property that must be sold in California by a licensed real estate agent or broker." (Compl. ¶ 29(a)(i)-(ii).)

For the reasons stated above, this Court should dismiss the Plaintiffs' claims, or in the alternative, grant the Defendants' demand for a more definite statement.

///

///

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that the Complaint be dismissed in its entirety without leave to amend.

Dated:   December 13, 2018

Respectfully Submitted,

**BAKER & HOSTETLER LLP**

By:   */s/Michael R. Matthias*
       Michael R. Matthias

*Attorneys for Defendants*
WORLDMARK, THE CLUB, WYNDHAM RESORT DEVELOPMENT CORPORATION, and WYNDHAM VACATION OWNERSHIP, INC.

- 13 -

DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT; CASE NO. 1:18-CV-01661-LJO (JLT)

## CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120.  On **December 13, 2018** I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(F), OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)**

☑   **VIA U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Robert D. Bedinger                                  *Attorneys for Plaintiffs*
US Consumer Attorneys, P.A.
A Professional Law Corporation
1300 N. Johnson Ave., Suite 107
El Cajon, CA 92020

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose discretion the service as made, and I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **December 13, 2018** at Los Angeles, California.

_____
Denisse Aguilar