# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERINA CLARK & BRYAN CLARK, individually and as Private Attorney Generals on behalf of the general public,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**WORLDMARK, THE CLUB, et al.,**<br><br>**Defendants.** | 1:18-cv-01661-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DISMISSING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND AND GRANTING DEFENDANTS MOTION TO STRIKE.**<br><br>(ECF No. 20) |

## I. INTRODUCTION

This case involves a putative class action initially filed by Plaintiffs Terina and Bryan Clark ("Plaintiffs") on May 10, 2018, in the Superior Court of the State of California in the County of Kern. *See* ECF No. 1 ¶ 3. Defendants WorldMark, The Club ("WorldMark"), Wyndham Resort Development Corporation ("WRDC"), and Wyndham Vacation Ownership, Inc. ("WVO") (collectively "Defendants") were served with the Complaint on November 6, 2018, and removed the case to this Court on December 6, 2018, asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d). *Id*. ¶¶ 1, 4.

Under review is Defendants' motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), where Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted. ECF No. 20. Defendants also move to strike portions of the First Amended Complaint ("FAC") under FRCP 12(f) claiming that the portions are immaterial, impertinent, and scandalous. *Id.* For the reasons stated below, the Court GRANTS Defendants' motion to strike and GRANTS IN PART and

1

DENIES IN PART Defendants' motion to dismiss with leave to amend.

## II. BACKGROUND

**A.     Facts**[1]

Plaintiffs are residents of Bakersfield, California, and citizens of California. ECF No. 18 ¶ 7. Defendant WRDC is incorporated in Oregon and has its principal place of business in Florida. ECF No. 1 ¶ 12. Defendant WVO is incorporated in Delaware and has its principal place of business in Florida. *Id*. ¶ 13. Defendant WorldMark is incorporated in California and has its principal place of business in Washington. *Id*. ¶ 14. The putative class in this matter consists of all individuals "who have 1) been sold a timeshare in California by Defendants through individuals or entities not licensed to sell real estate or arrange financing for real estate purchases in California and 2) have been told by Defendants that they have earned 'equity' on the purchase of timeshare points." ECF No. 18 ¶ 34.

Plaintiffs allege that they purchased a timeshare interest sold by Defendants WorldMark and WRDC in 2015 while on vacation in San Diego and purchased "additional timeshare points" in September 2016. *Id*. ¶ 13. On or around April 29, 2017, Plaintiffs received a call from an office operated by Defendants. *Id.* ¶ 15. The individual who spoke with Plaintiffs made "many materially false and misleading statements" and induced Plaintiffs to purchase 1,000 additional WorldMark vacation credit points for $3,450 plus a processing fee of $349. *Id*. ¶ 17. The purchase was financed by an extension of credit by WRDC, bringing the total amount owed by Plaintiffs for their timeshare interest to more than $26,000. *Id*. The contract for the purchase appeared to be intended for California purchasers. *Id*. ¶ 21. The name of the person who signed the contract on Defendants' behalf, Brett Dean, does not appear on any list of current, or recent, holders of a California real estate broker or salesperson license. ECF No. 18 ¶ 22.

---

[1] Unless indicated, all facts are taken from the FAC. The allegations of material fact are taken as true and are construed in the light most favorable to the Clarks for purposes of deciding the motion to dismiss. *Coalition For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (2010).

2

Plaintiffs allege that Defendants have consistently represented that they have positive equity in their timeshare interest. *Id.* ¶ 24. On September 8, 2016, Defendants represented that Plaintiffs had $10,089.03 in equity in their timeshare purchases. *Id.* ¶ 25; FAC, Exhibit 2. Plaintiffs claim that the document purporting the amount of equity was created to facilitate the sale of additional WorldMark and WRDC timeshare points to Plaintiffs. *Id.* ¶ 26. Plaintiffs believe the actual market value of their timeshare points in September 2016 was zero or near zero, and Plaintiffs therefore actually had negative equity. *Id.* ¶ 28.

Plaintiffs allege that Defendants engaged in unfair business practices when they unlawfully sold a real estate interest within California through unlicensed individuals who earned commissions on the sales in violation of California law. *Id.* ¶ 38. Additionally, Plaintiffs allege that Defendants engaged in unfair business practices by making materially false representations in connection with the sale of a timeshare interest as to the equity value of their timeshare points. *Id.* ¶ 41. Finally, Plaintiffs allege that Defendants violated the California Vacation Ownership and Time-Share Act of 2004, Cal. Bus. & Prof. Code § 11210 *et seq*. (the "Timeshare Act"), by making materially false and misleading representations about the equity value of Plaintiffs' timeshare points. *Id.* ¶¶ 46-51.

**B.     Procedural Background**

On December 12, 2018, Defendants filed their first motion to dismiss. ECF No. 4. Plaintiffs filed an opposition on December 31, 2018, ECF No. 6, and a motion to remand to state court on January 1, 2019, ECF No. 7.

On March 1, 2019, the Court denied Plaintiffs' motion to remand the case to state court, holding that Plaintiffs had not demonstrated that CAFA's local controversy exception, 28 U.S.C. § 1332(d)(4)(A), applied to the present case. ECF No. 16, at 10. The Court then permitted Plaintiffs to file an amended complaint, stating "Plaintiffs may file any amended complaint clarifying the allegations regarding in-state Defendants' conduct within 30 days." ECF No. 16, at 11. The Court deferred ruling on Defendants' motion to dismiss. ECF No. 16, at 12. The Plaintiffs filed the FAC on March 29, 2019. ECF

3

No. 18.

Defendants now move to dismiss the FAC under FRCP 12(b)(6). ECF No. 20, at 2. Defendants also ask the Court to strike paragraphs 1 through 3 of the FAC under the heading "The Timeshare Industry." ECF No. 20 at 1. The Court has determined that the motion to dismiss is suitable for decision on the papers under Local Rule 230(g). For the reasons stated below, the Court grants in part and denies in part the motion to dismiss with leave to amend and grants the motion to strike portions of the FAC.

### III. LEGAL STANDARD

**A.     Motion to strike portions of the FAC under Rule 12(f)**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* A scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted), *rev'd in part on other grounds*, 130 Fed. Appx. 153 (9th Cir. 2005) (unpublished).

**B.     Motion to dismiss under Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a

motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

*Heightened Pleading Standard under Rule 9(b)*

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity

5

the circumstances constituting [the] fraud[.]" Fed. R. Civ. P. 9(b). This heightened pleading standard requires the party to do more than simply identify a transaction and allege in a conclusory manner that the transaction was fraudulent. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds.* Rather, the party must set forth in detail "the who, what, when, where, and how" of the alleged fraudulent conduct. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). The purpose of Rule 9(b) is to protect defendants from factually baseless claims of fraud as much as it is meant to give defendants notice of the claims asserted against them. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). When a party averring fraud fails to meet the heightened pleading standard of Rule 9(b), dismissal of the claim is proper. *See Vess*, 317 F.3d at 1107 ("A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.").

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### IV. ANALYSIS

**A.     Motion to strike under Rule 12(f)**

First, the Court grants Defendants' motion to strike paragraphs 1 through 3 of the FAC. Under the subheading "THE TIMESHARE INDUSTRY," these paragraphs start with the following "The timeshare industry has long been notorious for aggressive sales practices and predatory conduct, often directed towards the elderly and those with dreams of vacations that may exceed their financial ability to achieve them." ECF No. 18 ¶ 1. The FAC proceeds to list one verdict and six settlements in unrelated cases where entities have been liable for violations or alleged violations of the Timeshare Act. *Id.* These

other cases have no bearing on the Defendants' alleged unlawful conduct in the present case. Paragraph 2 states: "Timeshare companies engage in these deceptive practices because they must hide the truth: nearly all timeshares are worth nothing at all." *Id.* ¶ 2. Lastly, Paragraph 3 of the FAC states, "Purchasers pay for this right to try to reserve a week not only through a high interest mortgage, but also through annual maintenance fees that increase every year. These maintenance fees alone often exceed what a week in the identical or a comparable hotel or condominium rents for on the open market." ECF No. 18, ¶ 3.

Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses asserted. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* A pleading is scandalous when it "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted), *rev'd in part on other grounds*, 130 Fed. Appx. 153 (9th Cir. 2005) (unpublished).

Here, the Court agrees with Defendants that paragraphs 1 through 3 of the FAC are immaterial. These allegations do not pertain to the alleged wrongful conduct by Defendants. They merely serve to paint the Defendants and the industry in which they operate in a negative light. Accordingly, we grant Defendants' motion to strike paragraphs 1 through 3.

**B.** **The Timeshare Act claim (Second Cause of Action) fails to state a claim upon which relief can be granted and does not meet the particularity requirement under Rule 9(b).**

The Vacation Ownership and Timeshare Act of 2004 ("Timeshare Act"), Cal. Bus. & Prof. Code § 11210, *et seq.*, prohibits a person or entity subject to the Act from making material misrepresentations in the advertising and promoting of timeshares that materially misrepresent the size, nature, extent, qualities, and characteristics of the offered timeshare plan. Cal. Bus. & Prof. Code § 11245(a)(1)-(3). The California Legislature intended the Timeshare Act to be "interpreted broadly in order to encompass

all forms of time-share plans . . . that are created with respect to accommodations that are located in the state or that are offered for sale in the state . . . ." Cal. Bus. & Prof. Code § 11211(d).

The Timeshare Act provides that any timeshare interest owner may bring an action for damages or for injunctive relief for violations under the statute. Cal. Bus. & Prof. Code § 11285.

The FAC states that Brett Dean signed the contract for the April 2017 sale of timeshare points on behalf of Worldmark and WRDC. ECF No. 18 ¶ 14; *see also* FAC, Exhibit 1, at 3. In the Addendum to Retail Installment Contract Vacation Owner Agreement, Brett Dean signed as an authorized agent on behalf of "WYNDHAM RESORT DEVELOPMENT CORPORATION AND WORLDMARK, THE CLUB." ECF No. 18; FAC, Exhibit 1, at 3. The Clarks allege that Defendants, through their representative, misrepresented the actual amount of equity in their existing timeshare interest. ECF No. 18 ¶¶ 16, 25-30. As evidence of the misrepresented amount of equity, Plaintiffs attached Exhibit 2, a "Final Summary" webpage dated September 8, 2016, which shows that the Clarks have equity of $10,089.03. ECF No. 18; FAC, Exhibit 2. However, Plaintiffs do not specifically allege that the caller in April 2017 made specific reference to the misrepresented amount of equity. Thus, even when the Court accepts the Clarks' claims as true, Plaintiffs do not establish a prima facie case that the Defendants made a materially false statement or misrepresentation in connection with the promotion or advertising of a timeshare plan. A bare recitation of the elements of the cause of action is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Furthermore, the FAC fails adequately to set forth the alleged fraudulent scheme with particularity as required by FRCP 9(b). Defendants contend that Plaintiffs' Timeshare Act claims sound in fraud, and Plaintiffs are therefore required to plead the circumstances of fraud with particularity as required by Rule 9(b). The Court agrees.

Plaintiffs contend that the alleged unlawful activity does not need to be pleaded with specificity.

ECF No. 22.[2] While a federal court will examine state law to determine whether the <u>elements</u> of fraud have been pleaded sufficiently to state a cause of action, Rule 9(b) is a federally imposed rule that requires the <u>circumstances</u> of the fraud be pleaded with particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Therefore, Rule 9(b) requires the Clarks' claims of a fraudulent misrepresentation to be pleaded with particularity.

In *Vess*, the plaintiff argued that because fraud was not an essential element of the state law cause of action, Rule 9(b) did not apply. 317 F.3d at 1103. The Ninth Circuit rejected this argument, holding that allegations of fraud must be pleaded with particularity even when fraud is not an essential element of the cause of action. *Id.* The same rule of law applies to the Timeshare Act allegations in the present case.

Generally, allegations of fraud must allege the who, what, when, where and how of the misconduct. *Id.* at 1106. The FAC does not meet this pleading standard. Plaintiffs cast a net that is too wide with regard to who actually made the misrepresentation of equity to the Clarks. Moreover, the Clarks do not claim that the misrepresentation was expressly communicated in the sales call made to them. Instead, Plaintiffs allege that the misrepresentation was contained in the summaries provided to the Clarks. Even assuming the equity amount is misrepresented, Plaintiffs do not allege that such a misrepresentation was a product of Defendants' scheme to defraud the Clarks and other similarly situated persons. Accordingly, the Timeshare Act claim must be dismissed.

**C. The Court grants in part and denies in part Defendants' motion to dismiss with respect to the UCL claim (First Cause of Action).**

Under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*, any person or entity that has engaged, is engaging or threatens to engage in unfair competition may be

---

[2] Plaintiffs cite *People v. Custom Craft Carpets, Inc.*, 159 Cal. App. 3d 676, 684 (1984) and *Aicco, Inc. v. Insurance Co. of N. Am.*, 90 Cal. App. 4th 579, 596 (2001). Neither of these cases address whether Plaintiffs are required to plead the alleged fraudulent conduct with particularity in the present case.

enjoined in any court of competent jurisdiction. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing Cal. Bus. & Prof. Code §§ 17201, 17203). Unfair competition includes any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. A business act or practice need only meet one of three criteria—unlawful, unfair, or fraudulent—to be considered unfair competition under the UCL. *Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1066 (C.D. Cal. 2016) (citing *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1093 (2007)). Plaintiffs assert the UCL claims under all three of the prongs. ECR No. 18 ¶¶ 37, 41.

Where a UCL claim is grounded in alleged fraudulent conduct, it is subject to the heightened pleading standard of Rule 9(b). *See Vess*, 317 F.3d at 1103-04. For example, when a plaintiff relies entirely on a unified course of fraudulent conduct as a basis for a UCL claim, the claim must satisfy the particularity requirements of Rule 9(b). *Kearns*, 567 F.3d at 1126-27. But when a plaintiff's allegations do not rely entirely on a unified fraudulent course of conduct, those aspects of the UCL claim that are not grounded in fraud need not meet the Rule 9(b) requirements. *Vess*, 317 F.3d at 1106.

*"Unlawful" prong*

The UCL's "unlawful" prong "borrows violations of other laws and treats them as independently actionable." *Wilson*, 668 F.3d at 1140. The UCL's coverage is interpreted broadly, embracing anything that can properly be called a business practice and that at the same time is forbidden by law. *Id.* A violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong. *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1146 (N.D. Cal. 2010).

First, Plaintiffs claim that it is "unlawful and unfair in California for an entity to sell real estate other than through a licensed real estate broker or sales person and unlawful to permit the unlicensed individual to receive any compensation arising . . . from the sale." ECF No. 18 ¶ 38. Plaintiffs allege that timeshare interests are interests in real property. *Cal-Am Corp. v. Dep't. of Real Estate*, 104 Cal. App. 3d 453, 457 (1980); Cal. Bus. & Prof. Code § 11212. They also assert that a timeshare interest may only

10

be sold by a California licensed real estate broker or agent and since the representative on the sales contract, Brett Dean, is not a licensed real estate broker or salesperson, Defendants violated the law. ECF No. 18 ¶ 22. In addition, Plaintiffs allege that Mr. Dean received a commission on the sale which violates Cal. Bus. & Prof. Code § 10137. Cal. Bus. & Prof. Code § 10137 states "[i]t is unlawful for any licensed real estate broker to employ or compensate, directly or indirectly, any person for performing any of the acts within the scope of this chapter who is not a licensed real estate broker, or a real estate salesperson licensed under the broker . . . ." This contention raises a plausible claim that the Defendants acted unlawfully when Mr. Dean sold the timeshare interest to the Clarks. This allegation is also not connected to any allegations of fraudulent conduct, and therefore does not need to meet the particularity requirements of Rule 9(b).

However, Plaintiffs also appear to be relying on an alleged fraudulent scheme to satisfy the "unlawful" prong of the UCL claim. Specifically, the FAC alleges that "[i]t is *unlawful*, unfair and fraudulent in California to make a material misrepresentation of facts in connection with the promotion of any timeshare interest," and asserts that "Defendants made materially false representations to Plaintiffs in connection with the sale of a timeshare interest" by "stating to Plaintiffs that they had 'equity' in excess of $10,000 arising from their prior timeshare purchases." ECF No. 18 ¶ 41 (emphasis added).

In *Kearns*, 567 F.3d at 1127, the Ninth Circuit held that dismissal of a UCL claim was appropriate because the claims were all grounded in fraud and the plaintiffs failed to plead with particularity. There, William Kearns brought claims against Ford Motor Company ("Ford") on behalf of himself and those similarly situated claiming that Ford acted illegally to increase sales of their Certified Pre-Owned vehicles. *Kearns*, 567 F.3d at 1122. Specifically, Kearns alleged that Ford made false and misleading statements concerning safety and reliability of the Certified Pre-Owned vehicles, and that Ford failed to disclose the lack of oversight it had over the certification process. *Id.* at 1123. On appeal, the Ninth Circuit rejected Kearns's argument that some of his claims should not be subject to Rule 9(b)

11

because they were not grounded in fraud. *Id.* at 1125. Because Kearns's claims were grounded in a unified course of fraudulent conduct, he was required to plead the who, what, when, where, and how the misconduct was committed. *Id.* at 1126.

In the present case, the Clarks' claim of unlicensed sales and financing is separate from the alleged fraudulent scheme of misrepresenting the amount of equity held by Plaintiffs. Thus, Plaintiffs' claims under the "unlawful" prong of the UCL are not entirely grounded in fraud and need not be pleaded with particularity. Therefore, Defendants' motion to dismiss is DENIED with respect to the asserted "unlawful" UCL claim based upon unlicensed sales and financing. The motion is GRANTED WITH LEAVE TO AMEND as to any "unlawful" UCL claim based upon the alleged fraudulent scheme of misrepresenting the amount of equity held by Plaintiffs. If Plaintiffs wish to rely on the alleged fraudulent course of conduct to satisfy the "unlawful" prong of the UCL claim, they must meet the heightened pleading standard of Rule 9(b) in any amended complaint.

Next, Plaintiffs reassert the allegations from their Timeshare Act claim that Defendants violated California law when Defendants made false or materially misleading statements about the equity value of Plaintiffs' timeshare points. Because the Court dismisses the Timeshare Act claim above, this claim cannot form the basis of the UCL claim.

*"Unfair" prong*

The UCL does not define the term "unfair" and the California courts are unresolved as to the exact definition under the statute. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). The Ninth Circuit Court of Appeals has acknowledged a split in the California courts as to whether a claim under the "unfair" prong may be properly brought by consumers or if the cause of action is limited to competitors. *Id.* at 1170. Prior to the decision in *Cel-Tech Comms. Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999), the California courts held that "unfair" conduct occurs when the practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Davis*, 691 F.3d at 1169 (citing *S. Bay Chevrolet*

*v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999)). Under this approach, a court must balance the utility of the defendant's conduct against the gravity of the harm to the alleged victim. *Id.* *Cel-Tech* held that this balancing test provided too little guidance to the courts. 20 Cal. 4th at 185.

Accordingly, *Cel-Tech* adopted a separate analysis, holding that "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* at 544. California courts have been split on whether to apply the *Cel-Tech* approach or the pre-*Cel-Tech* balancing test to consumer actions alleging unfair conduct under the UCL. *Davis*, 691 F.3d at 1170. The *Davis* Court declined to decide which approach applied, holding that the plaintiff's claims failed under either alternative. *Id.* This Court holds that the same is true in the present case.

The FAC fails to meet either the *Cel-Tech* approach or the pre-*Cel-Tech* balancing test in pleading unfair conduct under the UCL. Under the *Cel-Tech* approach, the Clarks have not directly alleged or presented facts that plausibly suggest how misrepresenting the amount of equity or employing an unlicensed salesperson violates the policy or spirit of the antitrust laws. Furthermore, under the pre-*Cel-Tech* balancing approach, the FAC offers no more than "It is unlawful and unfair in California for an entity to sell real estate other than through a licensed real estate broker or sales person," ECF No. 18 ¶ 37; and "It is unlawful, unfair and fraudulent in California to make a material misrepresentation of facts in connection with the promotion of any timeshare interest," ECF No. 18 ¶ 41. These bare allegations of unfairness do not establish a claim under the "unfair" prong of the UCL.

*"Fraudulent" prong*

For the reasons stated above, Plaintiffs have failed to plead with the particularity required by Rule 9(b) that Defendants' conduct was fraudulent. For these same reasons, the Court dismisses Plaintiffs' claim under the UCL that Defendants conduct was fraudulent.

In sum, the Court denies in part and grants in part with leave to amend the motion to dismiss

13

with respect to Plaintiffs' UCL claim under the unlawful prong. With respect to the UCL claims under the "unfair" and "fraudulent" prongs, the Court grants the motion to dismiss with leave to amend.

## V. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART WITH LEAVE TO AMEND and DENIED IN PART. Defendants' Motion to Strike paragraphs 1 through 3 under Rule 12(f) of the FAC is GRANTED. If Plaintiffs so choose, they may file an amended complaint within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: **July 25, 2019**         /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE